IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FREDERICK GAITAN,

       Petitioner,

v.                                                                            Civ. No. 02-1395 WPJ/WDS

TIM LEMASTER, Warden, and
PATRICIA MADRID, Attorney General
of the State of New Mexico,

       Respondent.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.    THIS MATTER comes before the Court on Respondents' Motion to Dismiss, filed December 16, 2002 [Doc. 12]. Petitioner, who is incarcerated, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. §2254, and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the judgment, sentence and commitment of the Eighth Judicial District, County of Taos, for the crimes of Second Degree Murder (Accessory), Aggravated Assault with a Deadly Weapon, Tampering with Evidence (Accessory) and Aggravated Battery with a Deadly Weapon. Petitioner was sentenced to a total incarceration period of eighteen (18) years, followed by a two year period of parole.

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

2. On October 13, 1997, Stephen Zotigh, was stabbed during an altercation with the Petitioner, Richard Padilla and Viento Herrera. Zotigh died from the wounds suffered in the stabbing. Petitioner was charged with First Degree Murder (Accessory) as well as several other felonies. At trial, the jury was instructed on second degree murder as a lesser included offense of first degree murder. The trial court refused Petitioner's tendered instructions on the lesser included offenses of voluntary and involuntary manslaughter. Petitioner was convicted, *inter alia*, of Second Degree Murder (Accessory).

3. Petitioner appealed his conviction to the New Mexico Court of Appeals on the grounds that the trial court erred in failing to instruct the jury on the lesser included offenses of voluntary and involuntary manslaughter and that it erroneously admitted evidence of a prior bad act. Exhibit B to Answer [Doc. 14]. In an opinion dated December 14, 2000, the Court of Appeals affirmed the trial court. Exhibit J. Petitioner then filed a Petition for Writ of Certiorari on January 2, 2001. Exhibit K. After full briefing and oral argument, the Supreme Court affirmed the decision of the Court of Appeals on February 22, 2002. Exhibit R. Following the decision of the Supreme Court, Petitioner filed a Petition for Writ of Habeas Corpus with the Eighth Judicial District Court, County of Taos, on May 7, 2002. Exhibit T. An Order of Summary Dismissed was filed July 11, 2002. Exhibit U. Petitioner has, thus, exhausted the one ground raised in his petition in state court on direct appeal and timely filed this petition.

4. Petitioner argues in his §2254 petition that the trial court erred in refusing to instruct the jury on the lesser-included offenses of voluntary manslaughter and involuntary manslaughter.

5. "A Petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction 'even if in our view there was sufficient evidence to warrant the giving of the instruction on a lesser included offense.'" *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir.

1993) (citing *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988))**.**

      6.      Accordingly, I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. §2254 by DENIED, and that this cause be dismissed with prejudice.

                                                                                                            UNITED STATES MAGISTRATE JUDGE